UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERICA CARDENAS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**CREDITORS RELIEF LLC**, a New Jersey registered company,<br><br>*Defendant.* | Case No. 2:24-cv-04214-MCA-JBC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, STRIKE, AND STAY** |

The Court should deny Defendant Creditors Reliefs' motion in all respects.

Plaintiff Cardenas has standing to pursue a claim under the Telephone Consumer Protection Act's National Do Not Call Registry provision because Creditors Relief's unsolicited and unauthorized text messages to Plaintiff Cardenas were annoying, were a nuisance, invaded her privacy, occupied her phone, and otherwise disturbed her use and enjoyment of her phone. Creditors Relief's counsel's self-serving declaration and argument do not demonstrate otherwise.

As a matter of well-established law, there is therefore no basis to dismiss or strike Plaintiff Cardenas's putative class claim at this stage.

And because Creditors Relief's motion to dismiss and strike is utterly meritless, there is likewise no basis to stay discovery pending their resolution.

1

## Facts

Defendant Creditors Relief provides debt relief services, which it promotes through text messages that it sends to consumers like Plaintiff Cardenas who have not consented to be contacted and who have registered their phone numbers on the National Do Not Call Registry in an attempt to avoid receiving precisely such unauthorized solicitations. Complaint (ECF 1) at ¶¶ 14-16.

Defendant Creditors Relief is open about its cold calling practices despite myriad consumer complaints, including specifically about receiving unauthorized solicitation texts from Defendant to National Do Not Registry registered telephone numbers. *Id*. at ¶¶ 17-19.

Plaintiff Cardenas is the sole owner and user of a cell phone number ending in 5615. Cardenas Decl. [attached as Exhibit 1] at ¶¶ 2-15. She has owned this phone number for over 10 years, and did not obtain this phone number with the hope of receiving unauthorized calls for the purpose of filing lawsuits for damages under the Telephone Consumer Protection Act. *Id*.

Plaintiff Cardenas registered this phone number on the National Do Not Call Registry on November 9, 2023 to avoid receiving unauthorized calls. *Id*. She uses this phone number for personal use only as one would use a landline telephone number in a home. *Id*. She has never had this phone number associated with a business. *Id*. This is her only phone number. *Id*.

Between January 15, 2024 and January 31, 2024, Plaintiff Cardenas received at least seven text messages to this phone number from Creditors Relief promoting their debt relief services. *Id*.

Some of these text messages were directed to someone named "Eric." *Id*. Plaintiff Cardenas does not know who "Eric" is. *Id*.

Plaintiff Cardenas has never sought out information regarding Creditors Relief's services, done business with Creditors Relief, or otherwise consented to be contacted by Creditors Relief. *Id*.

The unauthorized text messages that Plaintiff Cardenas received from Creditors Relief were annoying, were a nuisance, invaded her privacy, occupied her phone, and otherwise disturbed her use and enjoyment of her phone. *Id*. Because of this, Plaintiff Cardenas filed a lawsuit against Creditors Relief under the Telephone Consumer Protection Act. *Id*.

Consistent with this, Plaintiff Cardenas has filed other lawsuits under the Telephone Consumer Protection Act against other companies who have similarly bothered her with unauthorized calls and text messages that she did nothing to cause or encourage, and that she did not want to receive. *Id*.

<u>**Argument**</u>

**Plaintiff Has Standing to Pursue Her TCPA Claim, and The Court Should Therefore Deny Defendant's Motion to Dismiss, Strike, or Stay in Total**

As Judge Neals recently explained in another TCPA case, "courts in the Third Circuit have soundly rejected pre-discovery Rule 12(b)(1) challenges based on a professional or serial TCPA plaintiff's purported lack of injury in fact. *Abante Rooter & Plumbing, Inc. v. Creditors Relief, LLC*, No. 20-3272 (SDW) (LDW), 2020 U.S. Dist. LEXIS 253558, 2020 WL 9397554, at *3 (D.N.J. Dec. 10, 2020), *report and recommendation adopted sub nom. Abante Roofer & Plumbing, Inc. v. Creditors Relief, LLC*, No. 20-3272 (SDW)(LDW), 2021 U.S. Dist. LEXIS 84349, 2021 WL 1688679 (D.N.J. Jan. 11, 2021) (citing *Shelton v. Nat'l Gas & Elec., LLC*, Civ. A. No. 17-4063, 2019 U.S. Dist. LEXIS 59235, 2019 WL 1506378, at *4 (E.D. Pa. Apr. 5, 2019) (rejecting Rule 12(b)(1) argument that 'Plaintiff cannot demonstrate an injury-in-fact because he operates a professional judgment recovery business and "a TCPA litigation operation" in which he files TCPA lawsuits either to generate profit or punish telemarketers,' while noting that '[w]ith the benefit of discovery, Defendant may ultimately be able to establish its position, but dismissal would be improper at this stage given the lack of evidence to substantiate Defendant's claims'); *Abramson v. Oasis Power LLC*, No. 18-cv-479, 2018 U.S. Dist. LEXIS 129090, 2018 WL 4101857, at *5 (W.D. Pa. July 31, 2018), *R&R adopted*, 2018 U.S. Dist. LEXIS 146010, 2018 WL 4095538 (W.D. Pa. Aug. 28, 2018) (denying

4

motion to dismiss for lack of standing and 'reject[ing] any suggestion that [plaintiff's] prolific history of filing TCPA lawsuits ... demonstrates the lack of an injury-infact'); *Abramson v. CWS Apt. Homes, LLC*, Civ. A. No. 16-426, 2016 U.S. Dist. LEXIS 146627, 2016 WL 6236370, at *3 (W.D. Pa. Oct. 24, 2016) (denying the motion to dismiss for lack of standing, rejecting the argument that serial plaintiff's 'pursuit of his rights under the [TCPA] in other lawsuits demonstrates the lack of an injury [as his] decision to enforce his rights under the [TCPA] does not negate the existence of a cognizable injury'))." *Clough v. Plymouth Rock Mgmt. Co. of N.J.*, No. 21-19343 (JXN) (JBC), 2023 U.S. Dist. LEXIS 231400, at *15-16 (D.N.J. Dec. 29, 2023).

In that case, the defendant claimed that the plaintiff had filed three other TCPA lawsuits and induced the defendant into calling him. *Id.* at *14-15. The court explained that "the mere fact that Plaintiff ha[d] filed other TCPA-related suits d[id] not negate the allegations that he experienced aggravation, nuisance, or invasion of privacy as a result of the alleged telemarketing calls at issue." *Id.* at *15. The court therefore denied the defendant's factual attack to the plaintiff's standing. *Id.*

Consistent with this, Judge Wetre rejected this precise argument from Creditors Relief at the pleadings stage in another TCPA class action involving a plaintiff that had filed more than 200 other TCPA lawsuits based on a similar, self-serving declaration as Creditors Relief's counsel Mr. Graff filed in this case:

5

Defendant's motion also attempts a factual attack on plaintiffs' standing. In support of its motion, defendant submits the October 17, 2020 Certification of David Graff, which attaches lists of more than 200 lawsuits Abante Rooter and Fabricant have filed across the country, both individually and jointly as plaintiffs.1 (ECF No. 11-2). Based on these lists, defendant contends that plaintiffs sue telemarketers as a business and hope to receive telemarketing calls so they can exploit them for financial gain. However, the Court cannot conclude from a list of case names alone that (1) Abante Rooter and Fabricant are professional plaintiffs who operate as a business or (2) they did not truly experience aggravation, nuisance, or invasion of privacy as a result of defendant's unsolicited calls. Moreover, the two propositions are not necessarily mutually exclusive — plaintiffs may be vigorously enforcing their rights under the TCPA because of the aggravation, nuisance, and invasion of privacy they experience with each unsolicited call. In recognition of this possibility, courts in the Third Circuit have soundly rejected pre-discovery Rule 12(b)(1) challenges based on a professional or serial TCPA plaintiff's purported lack of injury in fact. *See, e.g., Shelton v. Nat'l Gas & Elec., LLC*, Civ. A. No. 17-4063, 2019 U.S. Dist. LEXIS 59235, 2019 WL 1506378, at *4 (E.D. Pa. Apr. 5, 2019) (rejecting Rule 12(b)(1) argument that "Plaintiff cannot demonstrate an injury-in-fact because he operates a professional judgment recovery business and 'a TCPA litigation operation' in which he files TCPA lawsuits either to generate profit or punish telemarketers," while noting that "[w]ith the benefit of discovery, Defendant may ultimately be able to establish its position, but dismissal would be improper at this stage given the lack of evidence to substantiate Defendant's claims"); *Abramson v. Oasis Power LLC*, No. 18-cv-479, 2018 U.S. Dist. LEXIS 129090, 2018 WL 4101857, at *5 (W.D. Pa. July 31, 2018), R&R adopted, 2018 U.S. Dist. LEXIS 146010, 2018 WL 4095538 (W.D. Pa. Aug. 28, 2018) (denying motion to dismiss for lack of standing and "reject[ing] any suggestion that [plaintiff's] prolific history of filing TCPA lawsuits . . . demonstrates the lack of an injury-in-fact"); *Abramson v. CWS Apartment Homes, LLC*, Civ. A. No. 16-426, 2016 U.S. Dist. LEXIS 146627, 2016 WL 6236370, at *3 (W.D. Pa. Oct. 24, 2016) (denying motion to dismiss for lack of standing, rejecting argument that serial plaintiff's "pursuit of his rights under the [TCPA] in other lawsuits demonstrates the lack of an injury [as his] decision to enforce his rights under the [TCPA] does not negate the existence of a cognizable injury"). *See also Cunningham*

*v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1196 (M.D. Tenn. 2017) (rejecting argument that professional plaintiff lacks standing to pursue TCPA claims because "[t]he determinative issue, then, is not [plaintiff's] motivations, but whether he was injured. An ordinary consumer who pled the facts that [plaintiff] has pled would have established a concrete and particularized injury-in-fact based on the Defendants' intrusion upon his rights to privacy and seclusion. Defendants suggest that, by becoming a so-called 'professional plaintiff,' he has forfeited those rights because the calls alleged were not truly unwanted. . . . It may be that [plaintiff] was not saddened or annoyed by the calls he received; it may even be that, knowing his rights under the TCPA, he is glad the calls were placed. But allowing that fact, even if true, to negate his right to privacy and seclusion would require the Court to embrace a line of reasoning that would ultimately undermine the rights of most, if not all, TCPA plaintiffs and plaintiffs in similar statutory schemes").

The Court is mindful that "[p]laintiffs must have standing at all stages of the litigation, and they bear the burden of proving it 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997) (*quoting Lujan*, 504 U.S. at 561). It is possible that defendant will be able to substantiate its claims as to plaintiffs' business operations and injuries with the benefit of discovery. But at this early stage of the proceedings, and on the slim evidentiary record presented, the Court finds that plaintiffs have pleaded concrete injuries sufficient to establish standing to bring the instant TCPA claims despite the many other lawsuits they apparently have filed.

*Abante Rooter & Plumbing, Inc. v. Creditors Relief, LLC*, No. 20-3272 (SDW) (LDW), 2020 U.S. Dist. LEXIS 253558, at *7-10 (D.N.J. Dec. 10, 2020).

Notably, in addition to rejecting the defendants' standing challenges, Judge Neals and Judge Wetre also denied the defendants' motions to strike the plaintiffs' class allegations predicated on the same standing argument. *Clough*, 2023 U.S. Dist.

LEXIS 231400, at \*19 ("In support of the motion to strike, Defendant argues that (1) Plaintiff's claims are not typical of the classes because Plaintiff is subject to unique defenses not otherwise applicable to other class members, and (2) Plaintiff is an inadequate representative because his interests differ from those of the proposed classes. (See ECF No. 11-1 at 25-26.) First, the Court finds that this motion to strike/dismiss is another iteration of Defendant's 'serial filer' argument, which the Court has already rejected. Second, Defendant's challenges to the Rule 23 class requirements, i.e., whether Plaintiff can satisfy the class certification requirements of typicality and adequacy, are factual in nature and should be decided on a complete record following discovery."); *Creditors Relief, LLC*, 2020 U.S. Dist. LEXIS 253558, at \*12-13 ("This motion to strike is simply another iteration of the standing argument the Court has already rejected. Having found that plaintiffs, at this juncture, alleged injuries in fact sufficient to confer standing to bring their TCPA claims, they also have standing to represent the putative classes. … Defendant additionally contends that (1) plaintiffs and the putative classes have not suffered a common injury because plaintiffs were not injured, (2) plaintiffs' claims are not typical of the classes because they are subject to the unique defense of being serial litigants, and (3) plaintiffs are inadequate representatives because their interests differ from those of the proposed classes. These challenges to the Rule 23 class

requirements are factual in nature and should be decided on a complete record following discovery.").

The circumstances here are substantively the same as in both *Clough* and *Creditors Relief*, and the same outcome is warranted.

Creditors Relief argues that Plaintiff Cardenas is a serial plaintiff and wasn't harmed by the calls based on the declaration of its attorney. In response, Plaintiff Cardenas avers that she has done nothing to cause companies including Creditors Relief to call her, but when they do, it bothers her, so she sues them if they have broken the law. *See* Cardenas Decl. The only appropriate conclusion at this juncture is, therefore, that Plaintiff Cardenas has standing. And because Creditors Relief's motion to strike is predicated on the same lack of standing argument, and otherwise raises factual issues, it should similarly be denied.

The one case Creditors Relief cites in its motion relating to a TCPA plaintiff's standing does not change that conclusion. There, the court dismissed the plaintiff's claim under the TCPA's National Do Not Call Registry provision for lack of standing because the undisputed evidence demonstrated that Plaintiff's telephone number was "for business use, and business numbers are not permitted to be registered on the National Do Not Call Registry." *Shelton v. Target Advance LLC*, No. 18-2070, 2019 U.S. Dist. LEXIS 64713, at *15-16 (E.D. Pa. Apr. 16, 2019). In fact, in reaching that conclusion, the court rejected the defendant's alternative

standing argument which parallels Creditors' Relief's argument here, that the plaintiff made a business out of filing TCPA cases and therefore was outside of the TCPA's zone of interests. *Id*. at \*13-15, ("discovery is required to resolve these factual issues").

Here, unlike in *Shelton*, there is no evidence that Plaintiff Cardenas's National Do Not Call Registry registered phone number is for business use, and there is therefore no basis to conclude at this stage that she lacks standing. Cardenas Decl. at ¶¶ 2-7.

And finally, because a quick peak at the motion reveals that Creditors Relief's motion to dismiss and strike is baseless—as Creditors Relief should have known based on having the exact same arguments previously rejected—there is no basis to stay discovery pending resolution of the motion to dismiss or strike. *See Stevens v. Sullum*, No. 3:20-1911, 2021 U.S. Dist. LEXIS 7230, at \*6 (M.D. Pa. Jan. 14, 2021) (denying motion to stay pending ruling on a motion to dismiss based on a preliminary evaluation of the likelihood of success on the motion to dismiss).

The Court should therefore deny Creditors' Relief's motion in total.

Respectfully submitted,

DATED this 20th day of May, 2024.

By: /s/ *Stefan Coleman*

Stefan Coleman

law@stefancoleman.com
COLEMAN PLLC
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
(877) 333-9427

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative
Classes*

*\* Pro Hac Vice motion forthcoming.*

11